# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| JEREMY BURTON WILLIAMS,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:04CV1112 DAK |

This matter is before the court on Jeremy Burton William's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  Petitioner plead guilty to Felon in Possession of a Firearm and Ammunition, a violation of 18 U.S.C. § 922(g)(1), and Felon in Possession of Ammunition, a violation of 18 U.S.C. § 922(g)(1).  On December 18, 2003, the court sentenced Petitioner to 96 months in prison and 36 months of supervised release.  On December 6, 2004, Petitioner filed a § 2255 motion arguing that his Fifth and Sixth Amendment rights were violated because his base offense level was enhanced based on facts not admitted in the plea of guilty and because the court "double-counted" a prior felony conviction.  Petitioner further argues ineffective assistance of counsel.

## BACKGROUND

In Petitioner's Statement in Advance of Plea of Guilty in the underlying criminal action, Petitioner certified that the following facts are true and correct.  Petitioner knowingly possessed

1

.22 caliber Ruger Mark II 22/45 pistol and a Ruger magazine containing .22 caliber ammunition, and .22 caliber Winchester High Velocity ammunition. Petitioner admitted to at least one prior felony conviction. Under the 2002 Federal Sentencing Guidelines ("Guidelines"), Petitioner was given a base offense level of 20 for possession of a firearm subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense. *United States Sentencing Commission Guidelines Manual* § 2K2.1(a)(4)(A) (2002). Four points were added for possession in connection with another felony offense. *Id*. § 2K2.1(b)(5). Three points were subtracted for acceptance of responsibility, bringing Petitioner's offense level to 21. Based on Petitioner's past criminal history, Petitioner received 23 criminal history points, placing him within a criminal history category of VI. Based upon Petitioner's crime and his criminal history, the court sentenced Petitioner to 96 months in prison—the high end of the Guideline range—and to 36 months of supervised release.

## DISCUSSION

A "prisoner in custody" may bring a § 2255 motion to vacate, set aside, or correct his sentence upon the ground that the sentence was unconstitutional or that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. A party filing a § 2255 motion must do so within one year of:

(1)   the date on which the judgment of conviction becomes final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* Petitioner filed this § 2255 motion within one year from the date his judgment of conviction became final. Petitioner brings this § 2255 motion arguing first, that under the Fifth and Sixth Amendments, his sentence is unconstitutional because it was based in part on facts not admitted to in the plea of guilty.  Second, Petitioner argues that by using Petitioner's prior felony conviction to calculate both the offense level and the criminal history category, the court engaged in unlawful "double-counting."  Finally, Petitioner argues ineffective assistance of counsel because counsel did not provide him an opportunity to see his Pre-Sentence Report and because his counsel failed to object to a sentence based on facts not solely reflected in the plea of guilty. Each claim will be discussed separately.

**1.**  **Sentence Based on Facts Not Reflected Solely in the Plea of Guilty**

  Petitioner argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the court violated his Fifth and Sixth Amendment rights because the court sentenced Petitioner based on facts not solely reflected in his plea of guilty.  In *Apprendi*, the Court struck a New Jersey hate crimes statute which allowed a judge to enhance a defendant's sentence beyond the statutory maximum if the judge found that the crime was racially motivated.  *Id.* at 490.  The court held "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.*  *Apprendi* does not preclude judicial fact-finding, so long as a sentence falls within the maximum set by the statute.  *United States v. Hishaw*, 235 F.3d 565, 577 (10th Cir. 2000). However, on January 12, 2005, the Court held in *United States v. Booker* that the Guidelines, as enacted, violated a defendant's Sixth Amendment right to a jury trial because the Guidelines

require a judge to sentence a defendant based on facts not reflected in a plea of guilty or jury verdict.  *Booker*, ___U.S.___, 125 S. Ct. 738, 756 (2005).[1]  The Supreme Court then struck the provision of the federal sentencing statute that made the Guidelines mandatory, leaving the remainder of the statute intact.  *Id.* at 767.  As explained below, however, *Booker* does not apply retroactively to cases on collateral review, and therefore, Petitioner's § 2255 motion for reduction of sentence based upon *Booker* is denied.

There are two lines of cases disposing of § 2255 motions based solely upon *Booker*: (A) cases finding that *Booker* does not apply retroactively because it is a new procedural rule that does not implicate the fundamental fairness of the criminal proceeding; and (B) cases finding that *Booker* does not apply retroactively because the Supreme Court has not specifically held that it does, as required under *Tyler v. Cain*, 533 U.S. 656 (2001).  Petitioner's motion is denied under both approaches.

    A.    ***Booker* Does Not Apply Retroactively Because It Is a New Procedural Rule That Does Not Implicate Fundamental Fairness**

When the Supreme Court announces a "new rule," the rule "applies to all criminal cases still pending on direct review."  *Schriro v. Summerlin*, ___U.S.___, 124 S. Ct. 2519, 2522 (2004).  As to already final cases, the new rule applies only in limited circumstances.  *Id.*  "New *substantive* rules generally apply retroactively. . . .  New rules of procedure, on the other hand, generally do not apply retroactively" unless the procedural rule is a "'watershed rule[] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal

---

[1] Petitioner has brought this § 2255 Petition based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  However, while this Petition was pending, the United States Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). This Order addresses the application of *Booker* to the facts of this case.

proceeding." *Id.* at 2522-23 (internal quotations omitted). "A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. In contrast, rules that regulate only the *manner of determining* the defendant's culpability are procedural." *Id.* at 2523 (internal citations omitted) (emphasis in original). The Court in *Booker* "did not alter the range of conduct or the class of persons that the law punishes." *United States v. Price*, ___F.3d ___, 2005 WL 535361, *2 (10th Cir. Mar. 8, 2005). Instead, *Booker* merely "altered the range of permissible methods for determining the appropriate length of punishment." *Id.* (quotations omitted). "Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Schriro*, 124 S. Ct. at 2523. Thus, *Booker* announces a procedural rule. *See Price*, 2005 WL 535361, *2; *Rucker v. United States*, 2005 WL 331336, *5 (D. Utah Feb. 10, 2005) (holding that *Booker* is a procedural rule); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (same); *United States v. Siegelbaum*, 2005 WL 196526, *2 (D. Or. Jan. 26, 2005) (same).

To determine whether a procedural rule applies retroactively, the court must determine (1) if the procedural rule is a new rule, and (2) if the new procedural rule falls into two limited exceptions to the general rule that procedural rules do not apply retroactively. *Price*, 2005 WL 535361, *4.

    1.    <u>*Booker* Is a New Rule</u>

To determine whether *Booker* was a new rule at the time that Petitioner's conviction became final, the court must first determine the date Petitioner's conviction became final, and second, whether *Booker* announces a new rule. *Id.* at *3. First, "a conviction becomes final when the availability of a direct appeal has been exhausted, and the time for filing a certiorari

petition with the Supreme Court has elapsed, or the Court has denied a timely certiorari petition." *Id*. at *2.  By pleading guilty, Petitioner waived his right to directly appeal a lawful sentence.  Petitioner had ten days to appeal an unlawful sentence, which he did not do, and now challenges his sentence only on collateral review under 28 U.S.C.A. § 2255.  Therefore, Petitioner's sentence became final on November 3, 2003, ten days from the date on which the judgement was entered and well before *Booker* was decided by the Supreme Court.

Second, "[a] rule is new when it 'breaks new ground or imposes a new obligation on the States or the Federal government' or if it 'was not *dictated* by precedent existing at the time the defendant's conviction became final.'" *Johnson v. McKune*, 288 F.3d 1187, 1196 (10th Cir. 2002) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)); *Rucker*, 2005 WL 331336, *5.  Although prior case law may have foreshadowed *Booker*, it did not compel the decision. *See Price*, 2005 WL 535361, *4.  Therefore, *Booker* is a new rule.  *See id.*; *Rucker*, 2005 WL 331336, *5 (holding *Booker* is a new rule); *McReynolds*, 397 F.3d at 481 (same); *Siegelbaum*, 2005 WL 196526, *2 (same).

        2.     As a New Procedural Rule, *Booker* Does Not Apply Retroactively Because It Does Not Fit Within the Limited Exceptions Under *Teague*

New procedural rules generally do not apply retroactively, unless they fall within two limited exceptions under *Teague v. Lane*, 489 U.S. 288, 307 (1989).  *See Price*, 2005 WL 535361, *4.  First, a new procedural rule will apply retroactively if it "'places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* (quoting *Teague*, 489 U.S. at 307).  *Booker* does not fall within this exception. *Id.*  Second, a new procedural rule will apply retroactively if it is a "'watershed rule[] of criminal

procedure implicating the fundamental fairness and accuracy of the criminal proceeding.'" *Id.* (quoting *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997)).

In *Booker*, the Court found the Sentencing Guidelines unconstitutional because they allowed a judge to impose a sentence based on facts neither admitted to nor proven by a jury. 125 S. Ct. at 756. The Court determined in *Schriro*, that judicial factfinding does not implicate fundamental fairness because the evidence is "simply too equivocal" to support the conclusion that judicial factfinding "'so *seriously* diminishe[s]' accuracy that there is an 'impermissibly large risk' of punishing conduct the law does not reach." *Schariro*, 124 S. Ct. at 2525 (quoting *Teague*, 489 U.S. at 312-13 (internal quotation marks omitted)). Thus, the judicial factfinding proscribed by *Booker* does not implicate fundamental fairness. *See Price*, 2005 WL 535361, *4. Therefore, *Booker* does not apply retroactively because it is a new procedural rule that does not implicate the fundamental fairness and accuracy of the criminal proceeding. Because Petitioner's conviction became final prior to the *Booker* decision, *Booker* does not apply to Petitioner's case.

> **B.**   ***Booker* Does Not Apply Retroactively Because the Supreme Court Has Not Specifically Held That It Does, As Required Under *Tyler v. Cain***

While the above analysis would dispose of this case, Petitioner's motion is denied on the independent ground that the Supreme Court has not specifically held that *Booker* applies retroactively to cases on collateral review, as required under 28 U.S.C.A. § 2255(3). Under § 2255, a Petitioner seeking review of his/her sentence based on a "newly recognized" right may do so only if the right was recognized by the Supreme Court and if the Court made the "newly recognized" right "retroactively applicable to cases on collateral review." *Id.* § 2255(3).

Therefore, *Booker* applies to § 2255 motions only if (1) it is a "newly recognized" right, and (2) if the Supreme Court made it "retroactively applicable to cases on collateral review." *Id.* First, as discussed above, *Booker* announces a new rule.

Second, under § 2255, the new rule must have been made "retroactively applicable to cases on collateral review." 28 U.S.C.A. § 2255(3). The Court in *Tyler v. Cain* interpreted similar language found in 28 U.S.C. § 2244 in determining the retroactive application of *Cage v. Louisiana*, 498 U.S. 39 (1990). *See Tyler*, 533 U.S. 656, 658 (2001). Section 2244 limits courts from awarding relief to prisoners who file successive habeas corpus applications, unless the prisoner "rel[ies] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See id*. at 661-62. The Court found that under § 2244, for a new constitutional rule to apply retroactively to cases on collateral review, the Supreme Court–and the Supreme Court alone–must hold that the rule applies retroactively to cases on collateral review. *See id.* at 662-63. Therefore, the Court found that *Cage* did not apply to successive § 2244 applications because the Court had not specifically held that it applied. *See id.*

The language of § 2255 is similar to § 2244. Section 2255 limits review based on a new constitutional right to those rights "recognized by the Supreme Court and made applicable to cases on collateral review." 28 U.S.C.A. § 2255(3). The *Booker* Court specifically held that its determination applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not, however, hold that it applied retroactively to cases on collateral review, as required by *Tyler* to find retroactive application. Thus, *Booker* does not apply retroactively to cases on collateral review. *See In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (holding that under *Tyler*,

neither *Booker* nor *Blakely* retroactively applies to § 2255 motions); *see also Godines v. Joslin*, 2005 WL 177959, *2 (N.D. Tex. Jan. 27, 2005) (refusing to extend *Booker* to § 2255 motions); *Gerrish v. United States*, 2005 WL 159642, *1 (D. Me. Jan. 25, 2005) (holding that neither *Blakely* nor *Booker* applies retroactively to § 2255 motions).

**2.      Double Counting**

Petitioner argues that his sentence was unlawfully imposed because the court used his prior felony to calculate both the offense level and his criminal history points.  It is the general rule that "'the Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended.'" *United States v. Groves*, 369 F.3d 1178, 1186 (10th Cir. 2004) (quoting *United States v. Duran*, 127 F.3d 911, 918 (10th Cir. 1997)).  However, if the Guidelines specifically provide for double counting, "such an instruction [is] controlling." *United States v. Coldren*, 359 F.3d 1253, 1256 (10th Cir. 2004).

Under the Guidelines § 2K2.1(a)(4), a defendant's offense level is based upon possession of a firearm subsequent to a prior felony conviction.  Commentary to § 2K2.1 provides that "[p]rior felony conviction(s) resulting in an increased base offense level under subsection . . . (a)(4)(A) . . . are also counted for purposes of determining criminal history points pursuant to Chapter Four, Part A (Criminal History).  *Guidelines*, § 2K2.1 cmt. n. 15.  Because double counting is expressly provided for under Guidelines § 2K2.1, Petitioner's claim for reduction of sentence based upon unlawful double counting is denied.  *See United States v. Jackson*, 1998 WL 642410, *10 (10th Cir. Sept. 9, 1998) (holding under § 2K2.1, prior felony convictions may be used to calculate base offense level and criminal history points); *United States v. Butler*, 2002 WL 31478694, *1 (4th Cir. Nov. 7, 2002) ("Both sections 2K2.1(a)(2) and 4A1.1 of the *U.S.*

9

*Sentencing Guidelines Manual* (2000) contemplate that prior felony convictions will be used to determine both a defendant's base offense level and his criminal history category."); *United States v. Loucks*, 2001 WL 914186, *1 (8th Cir. Aug. 15, 2001) (holding Guidelines specifically authorize use of prior felony convictions to enhance offense level under § 2K2.1(a)(4)(A) and to establish criminal history).

3.     **Ineffective Assistance of Counsel**

Finally, Petitioner argues ineffective assistance of counsel because his counsel failed to provide him an opportunity to review his Pre-sentence Report, and because his counsel failed to object to his sentence being based upon facts not reflected solely in the Statement in Advance of Plea of Guilty.  Under *Strickland v. Washington*, 499 U.S. 688 (1984), to establish a claim for ineffective assistance of counsel, a petitioner must show: (a) his attorney's "performance was constitutionally deficient, and (b) counsel's deficient performance was prejudicial." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995); *Unites States v. Glover*, 97 F.3d 1345, 1349 (10th Cir. 1996) (applying standard to sentencing proceedings and plea hearings).  "Counsel's performance is deficient if the representation 'falls below an objective standard of reasonableness.'  Prejudice is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Cook*, 45 F.3d at 392 (quoting *Strickland*, 499 U.S. at 690, 694).  In evaluating a counsel's effectiveness, this court will apply "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Petitioner has failed to show that by allegedly not providing him an opportunity to review his Pre-Sentence Report, his counsel's performance fell below an objective standard of

reasonableness, and even if it did, Petitioner has failed to demonstrate that but for his counsel's deficient performance, the outcome of the proceeding would have been different.  In the Tenth Circuit, a defendant does not have an absolute right to disclosure of his pre-sentence report. *United States v. Stidham*, 459 F.2d 297, 299 (10th Cir. 1972).  Instead, the trial judge has discretion in deciding whether to disclose the document to a defendant or a defendant's counsel. *Id.*   In this case, it is unclear from the record why Petitioner did not view his Pre-Sentence Report—whether his counsel did not show him the contents or whether the judge declined to disclose the document.  Yet, it is clear from the record that Petitioner and his counsel were aware of the contents of the Pre-Sentence Report.  There were several motions in which either Petitioner or the government disclosed almost all of the facts contained in the Pre-Sentence Report.  Because Petitioner does not have an absolute right to disclosure of his Pre-Sentence Report and because Petitioner knew the contents of the report, Petitioner's counsel's alleged failure to provide Petitioner a copy of the Pre-Sentence Report did not fall below an objective standard of reasonableness.  Even if it did, Petitioner has failed to demonstrated that but for such conduct, the outcome of the proceeding would have been different.  As noted above, Petitioner was aware of the contents of the report prior to sentencing and had all of the facts necessary to make any motions for downward departure.

     Petitioner's claim for ineffective assistance of counsel for failing to object to his sentence being based upon facts not reflected in the guilty plea is also denied.  First, Petitioner's assertion is not true.  Petitioner's counsel filed a motion objecting to the Pre-Sentence Report's recommendation that Petitioner be sentenced based on facts not reflected solely in the plea of guilty.  The United States then filed a motion for upward departure.  Prior to sentencing, both

motions were withdrawn.  Withdrawing the motion in exchange for the government's withdrawal of its upward departure motion falls within a counsel's sound trial strategy and does not fall below an objective standard of reasonableness.  Even if such conduct fell below an objective standard of reasonableness, the court is under no obligation to grant such a motion.  Therefore, Petitioner has failed to demonstrate that but for his counsel's alleged deficient conduct, the outcome of the proceeding would have been different.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 11th day of May, 2005.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge